The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER GONZALEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No. 2:14-cv-634-RAJ<br><br>**JOINT MOTION TO TRANSFER CASE FOR SETTLEMENT PURPOSES**<br><br>**NOTE ON MOTION CALENDAR: NOV. 14, 2014** |

Plaintiff Alexander Gonzalez, on behalf of himself and others similarly situated, and Defendant Dynamic Recovery Solutions, LLC ("DRS"), pursuant to 28 U.S.C. § 1404(a), move this Court to transfer this action to Hon. Beth Bloom in the Southern District of Florida, before whom the previously-filed case of *Rodriguez v. Dynamic Recovery Solutions, LLC*, Case No.. 1:14-cv-20933-BB, is pending.

## BACKGROUND

On March 12, 2014, Alex Rodriguez ("Plaintiff Rodriguez") filed a class action complaint (the "Florida Action") against DRS in the United States District Court for the Southern District of Florida, Case No. 1:14-cv-20933-BB, asserting putative class claims

arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

On April 29 2014, Plaintiff Gonzalez filed the instant lawsuit (the "Washington Action") against DRS in the United States District Court for the Western District of Washington, Case No. 2:14-cv-00634-RAJ, asserting putative class claims arising under the FDCPA. Dkt. No. 1.

The Florida Action and the Washington Action are substantially similar in that both allege that DRS violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11) by making debt collection phone calls to consumers where DRS failed to disclose that it was a debt collector calling to collect a debt, and otherwise failed to meaningfully disclose its identity. The Florida Action seeks to certify a class of Florida consumers for a class period of March 12, 2013 through March 11, 2014.[1] The Washington Action seeks to certify a class of Washington consumers for a class period of April 29, 2013 through April 28, 2014.[2] Undersigned counsel for Plaintiff Gonzalez here also represents Plaintiff Rodriguez in the Florida Action.

---

[1] The Complaint in the Florida Action proposes a class consisting of "[a]ll persons located in the State of Florida for whom, within one year before the date of this lawsuit, Dynamic Recovery Solutions, LLC left a voice message/voice recording, in connection with an attempt to collect any purported consumer debt, where the caller failed to identify that she/he was a debt collector and/or failed to identify that she/he was calling to collect a debt."

[2] The Complaint in the Washington Action proposes a class consisting of "[a]ll persons located in the State of Washington for whom, within one year before the date of this complaint, Dynamic Recovery Solutions, LLC left a voice message/voice recording, in connection with an attempt to collect any purported consumer debt, where the caller failed to state that she/he was a debt collector and/or failed to state that she/he was calling to collect a debt and/or failed to state that any information obtained would be used for that purpose and/or failed to state that the call was from Dynamic Recovery Solutions, LLC." *See* Dkt. No. 1 at ¶ 19.

Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477

Following class certification discovery in both cases, and the filing of a renewed motion for class certification by Plaintiff Rodriguez in the Florida Action, Plaintiff Rodriguez, Plaintiff Gonzalez and DRS (collectively, the "Parties") have agreed in principle to the terms of a global class action settlement that will jointly resolve the claims in both the Florida Action and the Washington Action.[3] The parties are currently finalizing the settlement agreement and intend to file a motion for preliminary approval of the global settlement, in the Florida Action, by January 5, 2015.

As such, the Parties respectfully submit that the most efficient way to resolve these actions is for the Washington Action to be transferred to Judge Bloom, and to be consolidated with the Florida Action, for settlement purposes. Indeed transfer here: (1) is warranted under 28 U.S.C. § 1404(a), (2) is unopposed by Defendant, and (3) promotes judicial economy and the convenience of the Parties.

**ARGUMENT**

The Parties seek to have this case transferred to Judge Bloom in the Southern District of Florida for the purposes of considering a global settlement reached between Plaintiff Gonzalez, Plaintiff Rodriguez, and DRS. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought *or to any district or division to which all parties have consented*." (emphasis added). In considering a Section 1404(a) motion, the Court should take into account the

[3] The settlement provides for, among other things, a nationwide injunctive relief class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

interests in conserving judicial resources, the convenience of the parties and witnesses, access to sources of proof, and practical considerations in facilitating a final resolution of the litigation in an expeditious and inexpensive manner. *See Comptroller of Currency v. Calhoun First National Bank*, 626 F. Supp. 137, 139, 141 (D.D.C. 1985). According to the Supreme Court, § 1404(a) was designed to prevent "unnecessary inconvenience and expense to parties, witnesses, and the public." *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 21, 80 S.Ct. 1470, 1475, 4 L.Ed.2d 1540 (1960).

Here, transfer would promote judicial economy and serve the interests of justice. Though the two Actions are brought on behalf of separate putative classes, they were filed against the same defendant, assert substantially similar claims based on the same alleged business practices, and seek the same relief. Further, the Parties have reached an agreement in principle that resolves the claims in both Actions together, including providing for nationwide injunctive relief. *See Butler v. Oak Street Mortgage, LLC*, 2007 WL 5037989, at *1 (S.D. Fla. Mar. 16, 2007) (transferring case from Southern District of Florida to Middle District of Florida for purposes of considering settlement agreement). As such, transfer of the Washington Action to Florida would expedite, rather than delay, the settlement process, as the parties would not have to seek approval of the same settlement in two separate courts in two jurisdictions in opposite parts of the country.

Moreover, the Florida district court is well-equipped to handle the task of reviewing the parties' settlement. The Florida Action was the first-filed action, and is further advanced than the Washington Action. The Florida district court has already

Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477

addressed numerous discovery disputes, class certification discovery is completed, and a renewed motion for class certification is currently pending in the Florida Action. *See Physicians Healthsoure, Inc. v. Transcept Pharma, Inc.*, Case No.: 13–CV–5490 YGR, 2014 WL 1760951, at *2 (N.D. Cal. Apr. 30, 2014) ("Turning to the interests of justice factors, the Court finds that transfer would avoid duplicative litigation, ensure judicial economy, and prevent the waste of time and money. The court in the District of Connecticut case has spent significant time managing that case, and has gained considerable familiarity with the law and subject matter relevant to this action as well."). Further, transfer poses no risk of prejudice because all Parties have consented to the transfer and recognize that it is desirable.

In addition, although the convenience of the Parties is secondary, transfer would serve the convenience of the parties. Review of the global settlement agreement by only one court would conserve party time and resources, which is especially important here because DRS does not have insurance coverage to cover the claims at issue in either the Florida Action or the Washington Action, or to cover the defense of either lawsuit. Further, lead counsel for the plaintiffs in both the Florida Action and the Washington Action is located in the Southern District of Florida.

Lastly, transfer of this case is warranted to avoid the potential for inconsistent rulings on the issue of whether the parties' settlement should be judicially approved. There is no reason for two different courts to review the same settlement agreement when one court could decide the issue more efficiently.

Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477

Therefore, because transfer of the case would serve the interest of justice and the convenience of the parties, and facilitate a final resolution of the Florida Action and the Washington Action in a less expensive and more expeditious manner, and because the Parties have consented to the transfer, the Parties respectfully request that this Court transfer this matter to the Southern District of Florida for settlement purposes.

DATED this 14th day of November, 2014.

*/s James L. Davidson*

James L. Davidson (*pro hac vice*)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
jdavidson@mgjdlaw.com
Telephone: (561) 826-5477
Facsimile: (561) 961-5684

*/s Matthew J. Cunannan*
Matthew J. Cunanan, WSBA #42530
DC LAW GROUP NW LLC
101 Warren Ave N
Seattle, WA 98109
Telephone: (206) 494-0400
Facsimile: (855) 494-0400
Email: matthew@dclglawyers.com

Counsel for Plaintiff

*/s Jeffrey I. Hasson*

Jeffrey I. Hasson
Davenport & Hasson, LLP
Attorneys at Law
12707 NE Halsey St.
Portland, OR 97230
Office: (503) 255-5352
Office: (888) 608-6601
Direct Dial: (971) 302-6230
Facsimile: (503) 255-6124
Counsel for Defendant

Joint Motion to Transfer Case for Settlement Purposes
2:14-cv-634-RAJ

Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477

6

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14th, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey I. Hasson
Davenport & Hasson, LLP
Attorneys at Law
12707 NE Halsey St.
Portland, OR 97230
Counsel for Defendant

By: /s *James L. Davidson*

James L. Davidson (*pro hac vice*)
Greenwald Davidson PLLC

Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477